People v Caro (2018 NY Slip Op 04637)





People v Caro


2018 NY Slip Op 04637


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6921 320/14

[*1]The People of the State of New York, Respondent,
v
Miguel Caro, Defendant-Appellant.


Niall MacGiollabhui, New York, for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew J. Zapata of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Eugene Oliver, J.), rendered July 19, 2016, as amended August 10, 2016, convicting defendant, after a jury trial, of criminal sexual conduct against a child in the second degree and endangering the welfare of a child, and sentencing him to an aggregate term of five years, unanimously affirmed.
We find that defendant failed to preserve any objection that the 911 call was neither an excited utterance nor a present sense impression, and we decline to review it in the interest of justice.
The court, however, properly permitted the victim to testify that she had written in her diary what defendant "was doing to [her]" and that he had "touched" her. This testimony, in the context of the victim's sister's report of the crime to the police after reading the diary entry, was admissible for the "relevant, nonhearsay purpose of completing the narrative of events leading to the defendant's arrest" (see People v Ludwig, 24 NY3d 221, 231 [2014]). Although a limiting instruction would have been appropriate, none was requested, and its absence does not warrant reversal.
In any event, the evidentiary rulings were harmless, because both the victim and her sister testified at trial and their credibility was tested by cross-examination (see id. at 230).
The court providently exercised its discretion in precluding inquiry into the victim's allegation of sexual abuse by her mother's previous boyfriend, which occurred years before the events at issue, when the victim was six years old. The earlier, single incident was very different from the extensive, continuing course of sexual conduct alleged in this case, and, contrary to defendant's argument, there was nothing in the police records
relating to the earlier allegation to suggest that it was falsely made (see People v McCray, 23 NY3d 193, 199-200 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK